Andrew Richards, AKBA # 1211109
GARVEY SCHUBERT BARER
1191 Second Avenue, Suite 1800
Seattle, WA 98101
Tel: (206) 464-3939
Fax: (206) 464-0125
arichards@gsblaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

CP SALMON CORPORATION, a Washington nonprofit corporation, on its own behalf and on behalf of its members; STEPHANIE MADSEN, in her capacity as representative of CP Salmon Corporation for purposes of 50 C.F.R. § 679.21(f)(8)(ii); NORTHERN JAEGER LLC, a Delaware limited liability company; and GLACIER FISH COMPANY, LLC, a Washington limited liability company,

Plaintiffs,

v.

WILBUR ROSS, JR., Secretary of Commerce for the United States; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; and NATIONAL MARINE FISHERIES SERVICE,

Defendants.

Case No. 3:17-cv-00262-TMB

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND PETITION FOR REVIEW**

(16 U.S.C. §§ 1801-1891d; 5 U.S.C. §§ 701-706)

GARVEY SCHUBERT BARER
*Eighteenth Floor*
*1191 Second Avenue*
*Seattle, Washington 98101-2939*
*(206) 464-3939*

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and §§ 2201-2202 (Declaratory Judgment Act); 16 U.S.C. §§ 1855(f) and 1861(d) (Magnuson-Stevens Fishery Conservation and Management Act or "MSA"); and 5 U.S.C. §§ 702 and 706 (Administrative Procedure Act or "APA").

2. Defendants have waived sovereign immunity in this action pursuant to 5 U.S.C. § 702 and 16 U.S.C. §§ 1855(f) and 1861(d).

3. This Complaint and Petition for Review under the MSA and APA ("Complaint") is timely under 16 U.S.C. § 1855(f) because it has been filed within thirty (30) days of Defendants' publication of the "fee percentage" used to calculate the 2017 cost recovery fee challenged herein. The fee percentage was published in the Federal Register on November 30, 2017. 82 Fed. Reg. 56,816.

4. Plaintiffs have exhausted all of their administrative remedies.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this action is brought against an officer of an agency of the United States in his official capacity and against agencies of the United States; Defendants reside in this district; and a substantial part of the events or omissions giving rise to the claims for relief stated herein occurred in this district.

## PARTIES

### Plaintiffs

6. Plaintiff CP Salmon Corporation (the "Corporation") is a Washington nonprofit corporation bringing this action on its own behalf and on behalf of its members. The Corporation was formed in 2010 as a requirement of Defendants' regulations mandating "one entity to represent the catcher/processor sector [of the Bering Sea directed pollock fishery] for purposes of

GARVEY SCHUBERT BARER
*Eighteenth Floor*
*1191 Second Avenue*
*Seattle, Washington 98101-2939*
*(206) 464-3939*

receiving and managing transferable Chinook salmon [prohibited species catch or "PSC"] allocations on behalf of the catcher/processors eligible to fish under transferable Chinook salmon PSC allocations." 50 C.F.R. § 679.21(f)(8)(i)(C) (alterations supplied). The Corporation's members are owners of catcher-processor ("CP") vessels and catcher vessels named or described in Sections 208(b) and (e) of the American Fisheries Act ("AFA"), Pub. L. No. 105-277, §§ 205-213, 112 Stat. 2681 (note following 16 U.S.C. § 1851).

7. Plaintiff Stephanie Madsen ("Ms. Madsen") is the individual designated by the Corporation in 2010 as the Corporation's representative for purposes of "request[ing] approval by [defendant National Marine Fisheries Service or "NMFS"] to receive transferable Chinook salmon PSC allocations on behalf of the members of the [CP] sector." 50 C.F.R. § 679.21(f)(8)(ii) (alterations supplied).

8. Plaintiff Northern Jaeger LLC is a Delaware limited liability company that owns the CP vessel NORTHERN JAEGER named at AFA Section 208(e)(6). Northern Jaeger LLC is owned by a member of the Corporation, American Seafoods Company LLC.

9. Plaintiff Glacier Fish Company LLC is a Washington limited liability company and a member of the Corporation. Glacier Fish Company LLC owns the CP vessel PACIFIC GLACIER named at AFA Section 208(e)(18).

<u>Defendants</u>

10. Defendant Wilbur Ross, Jr. is the Secretary of the United States Department of Commerce ("Secretary") and is being sued in his official capacity.

11. Defendant National Oceanic and Atmospheric Administration ("NOAA") is an agency within the Department of Commerce.

12. Defendant NMFS is an agency within NOAA.

GARVEY SCHUBERT BARER
*Eighteenth Floor*
*1191 Second Avenue*
*Seattle, Washington 98101-2939*
*(206) 464-3939*

## BACKGROUND

13. The MSA authorizes defendant Secretary to "collect a fee to recover the actual costs directly related to the management, data collection, and enforcement of any … limited access privilege program." 16 U.S.C. § 1854(d)(2)(A)(i). Defendants' longstanding interpretation of that statutory provision holds that recoverable costs are limited to only "the incremental costs, i.e., those costs that would not have been incurred but for the [limited access privilege] program," which are accounted for through a "'with and without'" comparison of the "cost of running the management program for the specified fishery under the status quo regime" with "the cost of running the management program under the [limited access privilege] program." The Design and Use of Limited Access Privilege Programs, p. 91 (citing NMFS, 2003, *Report to the Fleet*, Restricted Access Management Division, Alaska Region); NOAA Catch Share Policy, p. 16.

14. In a final rule published in the Federal Register on January 5, 2016 at 81 Fed. Reg. 150 (the "Final Rule"), Defendants took the position that the CP sector is a "limited access privilege program" and that Defendants are therefore authorized to collect cost recovery fees from that sector.

15. Toward that end, the Final Rule promulgated regulations purporting to apply the MSA cost recovery provision to the CP sector. The regulations establish a three-step process for determining the amount of the cost recovery fee that must be paid by December 31 of each calendar year.

16. First, for each fiscal year (e.g., FY 2017), Defendants are required to document their alleged "direct program costs" ("DPC") of managing the CP sector. DPC are defined in the

GARVEY SCHUBERT BARER
*Eighteenth Floor*
*1191 Second Avenue*
*Seattle, Washington 98101-2939*
*(206) 464-3939*

regulations as "the costs directly related to the management, data collection, and enforcement of" the CP sector. 50 C.F.R. § 679.66(c)(2)(i)(C).

17. At the second step, DPC for a fiscal year are divided by the "standard ex-vessel value" of certain pollock harvested by CP sector participants for the related calendar year (e.g., FY 2017 costs/calendar year 2017 value) and multiplied by 100, resulting in an "AFA fee percentage" for the CP sector. 50 C.F.R. § 679.66(c)(2)(ii). Expressed mathematically, the AFA fee percentage = (DPC/value)*100.

18. Third, the AFA fee percentage is multiplied by the ex-vessel value of certain pollock harvested by CP sector participants in the relevant calendar year (e.g., 2017), generating a product that is the "AFA fee liability," or "the amount of money for Bering Sea pollock cost recovery, in U.S. dollars, owed to NMFS." 50 C.F.R. §§ 679.2, 679.66(c)(2)-(5).

19. On February 1, 2016, Plaintiffs filed a complaint in this Court challenging Defendants' asserted authority to impose cost recovery on the CP sector and the cost recovery regulations promulgated through the Final Rule. *CP Salmon Corporation et al. v. Ross et al.*, D. Alaska Case No. 3:16-cv-00031-TMB ("*CP Salmon I*"). Plaintiffs' motion for summary judgment in that case is currently pending before the Court, with oral argument scheduled for January 22, 2018.

20. On November 28, 2016, Defendants published a notice in the Federal Register stating the "AFA fee percentage" for the CP sector for 2016 – 0.10% – which Defendants claim to have applied to the ex-vessel value of certain pollock harvested by CP sector participants in calendar year 2016 to generate the sector's cost recovery fee, or "AFA fee liability," due by December 31, 2016. 81 Fed. Reg. 85,522.

GARVEY SCHUBERT BARER
*Eighteenth Floor*
*1191 Second Avenue*
*Seattle, Washington 98101-2939*
*(206) 464-3939*

21. On December 23, 2016, Plaintiffs filed a complaint in this Court challenging the 2016 fee percentage. *CP Salmon Corporation et al. v. Ross et al.*, D. Alaska Case No. 3:16-cv-00293-TMB ("*CP Salmon II*"). That case is stayed pending this Court's resolution of *CP Salmon I*. Dkt. No. 12, *CP Salmon II*.

22. On November 30, 2017, Defendants published a notice in the Federal Register stating the "AFA fee percentage" for the CP sector for 2017 – 0.21% – which Defendants claim to have applied to the ex-vessel value of certain pollock harvested by CP sector participants in calendar year 2017 to generate the sector's cost recovery fee, or "AFA fee liability," due by December 31, 2017. 82 Fed. Reg. 56,816.

23. While the November 30, 2017 notice provides the AFA fee percentage, the notice does not disclose the information that Defendants were required to document or the calculations that Defendants were required to perform to generate that percentage. There is no disclosure of the pollock ex-vessel value or the amount of Defendants' alleged incremental costs (DPC) of managing the CP sector in FY 2017. There is no description of the management tasks that allegedly generated the asserted costs. And there is no explanation of how those costs are limited to only the "incremental" costs of managing the CP sector as required under the MSA and cost recovery regulations. In other words, "value" and "DPC" are missing from the equation AFA fee percentage = (DPC/value)*100.

24. Payment of the CP sector AFA fee liability for calendar year 2017 is the responsibility of "the person designated as the representative of the entity representing the AFA catcher/processor sector under [50 C.F.R.] § 679.21(f)(8)(i)(C)." 50 C.F.R. § 679.66(a)(1)(iii) (alterations supplied). The referenced entity is plaintiff Corporation, and the designated representative of that entity for the purposes mentioned in the regulation is plaintiff Ms. Madsen.

GARVEY SCHUBERT BARER
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
(206) 464-3939

Plaintiff Glacier Fish Company LLC and the parent company of plaintiff Northern Jaeger LLC have contributed, or will be contributing, money to plaintiff Corporation for the payment of the 2017 fee, and Ms. Madsen has made arrangements for the fee to be timely paid, subject to this challenge.

## CLAIMS FOR RELIEF

### First Claim for Relief
(MSA, 16 U.S.C. § 1854(d)(2)(A)(i), and APA, 5 U.S.C. § 706(2)(A), (C))

25. Plaintiffs incorporate and re-allege all previous paragraphs in this Complaint.

26. Plaintiffs reiterate their claim from the pending case of *CP Salmon I* that Defendants do not have authority to collect cost recovery fees from participants in the CP sector, regardless of the amount of the fees, because the sector is not a limited access privilege program. Consequently, the cost recovery regulations should be set aside in their entirety to the extent they apply to participants in the CP sector.

### Second Claim for Relief
(MSA, 16 U.S.C. § 1854(d)(2)(A)(i), and APA, 5 U.S.C. § 706(2)(A), (C))

27. Plaintiffs incorporate and re-allege all previous paragraphs in this Complaint.

28. Even if Defendants were generally authorized to seek cost recovery from CP sector participants, they have not provided any basis supporting the amount of the cost recovery fee assessed for 2017. That fee is apparently based on an amount of FY 2017 DPC that Defendants did not disclose in their November 30, 2017 Federal Register notice. There is no evidence the asserted DPC are limited to only those incremental costs that are "directly related to" the "management, data collection, and enforcement" of the CP sector in FY 2017. 16 U.S.C. § 1854(d)(2)(A), 50 C.F.R. § 679.66(c)(2)(i)(C).

GARVEY SCHUBERT BARER
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
(206) 464-3939

29. Accordingly, the calendar year 2017 AFA fee percentage and AFA fee liability for the CP sector, which are based on the unsupported and undisclosed FY 2017 DPC, are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A) and (C).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

1. For a judicial declaration that the CP sector is not a limited access privilege program and that Defendants' cost recovery regulations, as applied to CP sector participants, (i) violate the MSA and APA, (ii) are arbitrary, capricious, an abuse of discretion and not in accordance with law, and (iii) are in excess of statutory jurisdiction, authority or limitations and short of statutory right;

2. For a judicial declaration that the 2017 AFA fee percentage and AFA fee liability for the CP sector violate the MSA, APA and Defendants' own cost recovery regulations; are arbitrary, capricious, an abuse of discretion, and not in accordance with law; and are in excess of statutory jurisdiction, authority, or limitations and short of statutory right;

3. For an order requiring that Defendants' cost recovery regulations be set aside in their entirety to the extent they apply to CP sector participants, holding the 2017 AFA fee percentage and AFA fee liability for the CP sector unlawful and setting them aside, and requiring Defendants to refund any and all cost recovery fees collected from the CP sector;

4. For an award of costs of suit and other expenses, including reasonable fees and expenses of attorneys to the extent available; and

5. For such other and further relief as the Court may deem necessary and appropriate.

GARVEY SCHUBERT BARER
*Eighteenth Floor*
*1191 Second Avenue*
*Seattle, Washington 98101-2939*
*(206) 464-3939*

DATED this 19th day of December, 2017.

GARVEY SCHUBERT BARER

By: *s/ Andrew Richards*

Andrew Richards, AKBA # 1211109
GARVEY SCHUBERT BARER
1191 Second Avenue, Suite 1800
Seattle, WA 98101
Tel: (206) 464-3939
Fax: (206) 464-0125
arichards@gsblaw.com

*Attorneys for Plaintiffs*

GSB:9146712.1

GARVEY SCHUBERT BARER
*Eighteenth Floor*
*1191 Second Avenue*
*Seattle, Washington 98101-2939*
*(206) 464-3939*